STATE of Iowa, Appellee,

v.

Richard FAGEN, Appellant.

No. 66257.

Supreme Court of Iowa.

Aug. 25, 1982.

Bernard J. Connolly, Jr., Des Moines, for appellant.

Thomas J. Miller, Atty. Gen. and Theresa O'Connell Weeg, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, LARSON, and SCHULTZ, JJ.

LARSON, Justice.

Defendant challenges the constitutionality of Iowa Code section 907.3 (1979), which imposes a mandatory term of imprisonment upon conviction of a "forcible felony." He argues the statute violates the equal protection clauses of the federal and state constitutions by denying him "the right to be treated as other criminals who would benefit from a grant of probation as the best means of rehabilitation."

The defendant pled guilty to sexual abuse in the third degree, Iowa Code §§ 709.1, 709.4. This crime is a "forcible felony" under Iowa Code section 702.11. A pre-sentence investigation by a clinical psychologist stated he did not believe "the interest of either [the defendant] or society would be served by his incarceration." The district court, however, sentenced the defendant to ten-years imprisonment, in compliance with the mandatory sentencing provisions of section 907.3.

Any right defendant may have to probation is not a fundamental right which would subject section 907.3 to the "strict scrutiny" test for equal protection analysis, State v. Hall, 227 N.W.2d 192, 193 (Iowa 1975). The defendant apparently concedes this. In reviewing the defendant's claim to probation, therefore, this court's inquiry is limited to whether the statutory classification is reasonably related to the promotion of one or more legitimate state interests; one challenging legislation on constitutional grounds has the burden to negate every reasonable basis upon which the statute may be sustained. Id.

The defendant argues no state interest is advanced under section 907.3 because it denies him, according to the pre-sentence investigation, the "best opportunity" for rehabilitation.

We believe, however, the statute is reasonably related to legitimate state interests other than rehabilitation. First, under the circumstances of this case, imprisonment may deter persons from committing crimes of sexual abuse. Second, it removes from society those individuals who commit crimes against other persons, which are justifiably considered more heinous than those merely involving personal property. See State v. Washington, 308 N.W.2d 422, 423 (Iowa 1981) (crimes against other persons may justify an enhanced penalty).

We conclude the defendant has not sustained his burden of showing section 907.3 is unconstitutional.

AFFIRMED.