**STATE of Iowa, Appellant,**

v.

**Carl PETERSON, Appellee.**

No. 67400.

Supreme Court of Iowa.

Dec. 22, 1982.

Thomas J. Miller, Atty. Gen., Shirley Ann Steffe, Asst. Atty. Gen., and Lawrence H. Fautsch, Asst. County Atty., for appellant.

A. John Arenz of O'Connor, Thomas, Hammer, Bertsch & Norby, Dubuque, for appellee.

McGIVERIN, Justice.

In this discretionary review granted pursuant to Iowa Code section 814.5(2)(d) (1981), the State challenges the legality of the sentence imposed upon defendant Carl Peterson by the trial court. Defendant pled guilty to assault while participating in a felony, a class "D" felony in violation of Iowa Code section 708.3 (1979). No prison sentence was imposed; trial court sentenced defendant to pay a fine of $1000 as the only sanction for the offense.

On appeal, the State contends that the fine-only sentence was illegal and void because the applicable statutes, including section 902.9(4), mandate the imposition of a sentence of incarceration of Peterson as a forcible felon. Defendant says the fine was proper and asserts that the State's contention and appeal are an attempt by the State to renege on a plea bargain. We agree with the State's contention; therefore, we vacate the sentence and remand for resentencing.

As a "maximum sentence," section 902.9(4) provides that a class "D" felon, who is not an habitual offender, "*shall be confined* for no more than five years, and *in addition* may be sentenced to a fine of not more than one thousand dollars." (Emphasis added.) The sense of section 902.9(4) obviously is that a class "D" felon may be confined and *in addition* may be fined. He need not actually be confined if he is eligible for and is given a deferred judgment, deferred sentence or suspended sentence pursuant to chapter 907. Defendant, however, also was a forcible felon. Iowa Code § 702.11 ("A 'forcible felony' is any felonious assault....."). *State v. Iowa District Court for Shelby County*, 308 N.W.2d 27, 29 (Iowa 1981). Accordingly, he was ineligible

for a deferred judgment, deferred sentence, or suspended sentence. Iowa Code § 907.3. Defendant acknowledged during the guilty plea proceedings that he knew probation was not possible. The requirement of imprisonment of forcible felons furthers the legitimate state interests of deterrence and removal from society of individuals who commit crimes against other persons. *State v. Fagen*, 323 N.W.2d 242, 243 (Iowa 1982). "The legislative intent clearly was to make sentences of confinement mandatory for violence-prone offenses constituting 'forcible felonies.'" Dunahoo, *The New Iowa Criminal Code*, 29 Drake L.Rev. 237, 249 (1980).

It would not be in compliance with the legislative intent on forcible felonies to preclude a deferred judgment, deferred sentence, and a suspended sentence and yet permit a fine instead of a sentence of confinement. If a forcible felon were fined-only, he would not even be subject to probationary conditions and supervision governing his subsequent conduct as would be true under a deferred or suspended sentence. This cannot be what the legislature intended.

I. Defendant contends that his fine-only sentence is supported by subsection 901.5(2) ("If defendant is not an habitual offender . . . the court may pronounce judgment and impose a fine."). This subsection, however, is inapplicable to the present case.

Section 901.5 is only a general or summary statute providing a procedure or framework for pronouncing judgment and sentence. It does not allow the court to override or substitute a fine for the confinement specifically required when sections 902.9(4) and 907.3 are read together.

Section 901.5 states that the court shall consider *several sentencing options*. It goes further to say, "the court shall determine which of them is authorized by law for the offense, and of the authorized sentences," which of them is appropriate in the particular case. Six sentencing procedures are then listed. Subsection 901.5(2) is one op-

tion in section 901.5. However, the court may only follow the relevant sentencing procedure or option that is "authorized by law for the case under consideration." 4 J. Yeager and R. Carlson, *Iowa Practice: Criminal Law and Procedure* § 1606 at 352. That authority is determined in conjunction with the specific penalty prescribed for the offense. In this case, section 902.9(4) on class "D" felonies provides for the imposition of a fine only as an addition to the required penalty of confinement.

Thus subsection 901.5(2) is not relevant because that sentencing option of a fine-only is not authorized by law (section 902.-9(4)) for the offense involved here.

Under section 901.5 the court may only impose the sentence authorized by section 902.9(4). Because defendant was a forcible felon, the court could only impose confinement, or confinement and a fine, upon defendant. Subsection 901.5(2) does not change that situation.

II. Defendant seeks further support for his fine-only sentence in section 909.1 which provides:

> Upon a verdict or plea of guilty of any public offense for which a fine is authorized, the court may impose a fine instead of any other sentence where it appears that the fine will be adequate to deter the defendant and to discourage others from similar criminal activity.

Defendant contends that section 909.1 provides for the minimum sentence of a class "D" felony and supersedes the penalty provided in section 902.9(4). He would bolster this argument by the language of section 902.9 which states: "The maximum sentence for any person convicted of a felony ... shall be determined as follows...." We reject the contention that sections 902.9 and 909.1 should be read together to provide the maximum and minimum sentences for a class "D" felony. Section 902.9(4) specifies the maximum penalty—five years imprisonment and a $1000 fine—but also makes the fine only an addition to whatever option is exercised by the court relating to incarceration.

A. We conclude that section 909.2, *not* section 909.1, is the relevant provision of chapter 909 in this case. Chapter 909 makes general provision as to imposition of and handling of fines. Subjects covered include fine without imprisonment (section 909.1), fine in addition to imprisonment (section 909.2), installment payment of fines (section 909.3), contempt for nonpayment of fines (section 909.5), and a fine as a judgment against defendant (section 909.6). However, nothing in chapter 909 appears intended to supersede the specific penalty that may be provided or authorized for a particular offense.

Section 909.2 tracks with the specific penalty for class "D" felonies—confinement and in addition a fine. Section 909.2 provides, "The court may impose a fine *in addition* to confinement, where such is authorized." (Emphasis added.)

If section 909.1 were to control the result, and supersede section 902.9(4) as to the penalty for class "D" felons, it would make section 909.2 surplusage. "All parts of the enactment [chapter 909] should be considered together and undue importance should not be given to any single or isolated portion." *Loras College v. Iowa Civil Rights Commission,* 285 N.W.2d 143, 148 (Iowa 1979).

In view of section 909.2, which more appropriately bears on class "D" felony cases, the penalty therefor, and the general purpose of chapter 909, we conclude that section 909.1 is inapplicable to defendant's case.

B. We also conclude that the legislative intent of section 909.1 was only to provide a justification or guideline for the imposition of a fine-only sanction when an offense carries penalties cast in alternative terms of confinement, or a fine, or both. Examples are set forth in section 903.1 relative to various categories of misdemeanors. Dunahoo, 29 Drake L.Rev. at 249. Otherwise, the clear legislative intent of mandatory incarceration for forcible felonies would be frustrated.

This interpretation would be in line with Iowa Code section 789.15 (1977), the prede-

cessor of section 909.1 (1979). Section 789.15 provided:

> *Discretion as to sentence.* Where one is convicted of a felony that is punishable by imprisonment in the penitentiary, or by fine, or by imprisonment in the county jail, or both, the court may impose the lighter sentence if it shall so elect.

As one commentator has noted, the imposition of a fine under section 909.1 (1979) is an adoption of the pre-revised law, section 789.15 (1977). 2 Roehrick, *The New Iowa Criminal Code: A Comparison* at 991 (1978).

C. Defendant's construction of section 909.1 cannot prevail for another reason. The logical extension of such a construction would be that section 909.1 also would be interpreted as overriding even the mandatory confinement provision of section 902.7 for use of a firearm during the commission of any forcible felony. The latter section "provides that under such .circumstances 'the convicted person shall serve a minimum of five years of the sentence imposed by law.'" Dunahoo, 29 Drake L.Rev. at 249. A fine-only sanction under section 909.1 would render section 902.7 useless, since the defendant cannot serve a "minimum of five years of the sentence imposed by law" (i.e. section 902.9(4)) by merely paying a fine. *Id.*

■ D. "Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable. An intent to make a change does not exist when the revised statute is merely susceptible to two constructions." *Emery v. Fenton,* 266 N.W.2d 6, 10 (Iowa 1978). Moreover, the 1978 revision of the criminal code was intended to be primarily a restatement of the prior law. *State v. LeFlore,* 308 N.W.2d 39, 41 (Iowa 1981).

We do not find that the language of section 909.1 "clearly and unmistakably" manifested a legislative intent to allow a forcible felon only to be fined when, to the contrary, sections 902.9(4), 907.3, 902.7, and to some extent section 909.2 show clear intent that forcible felons be confined.

■ III. When all of the applicable statutes are viewed together, they may be harmonized. *See* Iowa Code § 4.11 (1981). Harmonization of the statutes shows the legislative intent to be, and we so hold, that a class "D" forcible felon must be sentenced to confinement and in addition, may be fined; he, however, may not be fined-only. The trial court had no authority to impose a fine-only sentence; the sentence is void. Therefore, defendant must be resentenced. *Iowa District Court for Shelby County,* 308 N.W.2d 27 at 31.

IV. Lastly, defendant contends that the State, in urging what we hold to be the proper construction of section 902.9(4) and other applicable statutes, is reneging on a plea bargain; and thus violating "due process and fundamental standards of fair play." The record, however, shows that the State made no recommendations as to sentencing. The court simply misapprehended its power to impose a fine-only sentence upon a person convicted of a forcible felony.

In *State v. Howell,* 290 N.W.2d 355, 357–58 (Iowa 1980), we rejected contentions that due process and estoppel mandated the enforcement of an invalid sentence. In doing so, we stated:

> Because it was invalid, the sentence upon which [Howell] relies was outside the power or discretion of the sentencing court.... Apparently the presiding judge, the prosecutor, and Howell's own counsel honestly misapprehended the power of the trial court. Surely it should not lie within the authority of bargaining counsel and a willing judge to thus reshape the parameters of allowable punishment. If Howell were to prevail upon either of these contentions we would be left the anomalous situation in which parties could make their own law whenever a judge could be persuaded to allow it.

This applies with equal force to the present case. Therefore, the sentence entered upon defendant's guilty plea cannot be enforced, and defendant must be resentenced.

Before resentencing, defendant will be permitted to "show for cause against the

judgment ... any sufficient ground for new trial, or in arrest of judgment." Iowa R.Crim.P. 22(3)(b); *State v. Allen,* 304 N.W.2d 203, 208–09 (Iowa 1981). At this opportunity for allocution, it would be appropriate for defendant to raise his contention that he was misled into pleading guilty. However, we express no opinion as to the determination of this issue at resentencing.

V. The trial court lacked authority to impose a fine-only sentence; thus, the sentence was illegal. The State now urges that the sentence be corrected. Accordingly, we vacate the sentence imposed by the court and remand the case to the district court for resentencing in accordance with our holding, Iowa R.Crim.P. 23(5)(a); *State v. Young,* 292 N.W.2d 432, 435 (Iowa 1980), or further appropriate action.

SENTENCE VACATED AND CASE REMANDED.

All Justices concur except CARTER, Le-GRAND, and LARSON, JJ., who dissent.

CARTER, Justice (dissenting).

I dissent.

The majority skillfully tailors its result so as to accomplish a better practical solution concerning the availability of sentencing options under the Iowa Corrections Code than did the trial court. It may well have accomplished that purpose, but, in so doing, it emasculates the clear directives of the applicable statutory provisions. I believe this is an improper approach to statutory interpretation given our long-established practice of searching for legislative intent as shown by what the legislature said, rather than what it should or might have said. Iowa R.App.P. 14(f)(13).

The merit of the majority's interpretation of the several statutes which are involved depends on whether it has correctly ascertained the meaning of Iowa Code section 902.9(4). That statute provides in part:

The *maximum* sentence for any person convicted of a felony ... if not [otherwise] prescribed by statute, ... shall be determined as follows:

1. A class "B" felon shall be confined for no more than twenty-five years.

2. An habitual offender shall be confined for no more than fifteen years.

3. A class "C" felon, not an habitual offender, shall be confined for no more than ten years, and in addition may be sentenced to a fine of not more than five thousand dollars.

4. *A class "D" felon, not an habitual offender, shall be confined for no more than five years, and in addition may be sentenced to a fine of not more than one thousand dollars.*

(Emphasis added). The majority concludes that the failure of the penalty provision of subparagraph 4 above to employ the disjunctive term "or" preceding the reference to imposition of a fine, and the use of the term "in addition" establishes a primary sanction of confinement which must be imposed as a prerequisite to the imposition of a fine. The majority's conclusions concerning the interpretation of the other statutes involved in the present case all depend upon the validity of this premise.

The appeal of this contention is seriously undermined by the fact that section 902.9(4) by its express terms purports only to establish the *maximum* penalty for conviction of a class "D" felony. Within the context of describing the maximum penalty, the use of the disjunctive term "or" would be inappropriate. Nor does the use of the words "in addition may be sentenced to a fine," in describing the maximum penalty provided by law, necessarily imply that a fine alone is not permissible.

A statute which deals only with a maximum penalty is simply not an appropriate place to look for guidance in determining what lesser penalties are available to a sentencing judge. The indeterminate sentencing provision of section 902.3 precludes granting a lesser term of confinement than that specified in section 902.9, but neither the indeterminate sentence law nor section 902.9 purports to deal specifically with imposition of a fine in lieu of any sentence of imprisonment. The availability of that sentencing option has been made the subject of a special statute which clearly authorizes

the sentence which the trial court imposed in the present case. That statute is section 909.1 which provides:

> Upon a verdict or plea of guilty of any public offense for which a fine is authorized, the court may impose a fine instead of any other sentence where it appears that the fine will be adequate to deter the defendant and to discourage others from similar criminal activity.

The crime of assault while participating in a felony is a public offense for which a fine is authorized by the terms of section 902.-9(4). If section 909.1 is to be accorded its clear and unambiguous meaning, it authorizes the imposition of such fine "instead of any other sentence," thereby squarely disposing of the issue now before the court in a manner contrary to the result adopted in the majority opinion.

The effort of the majority to avoid the clear directives of section 909.1 is even more strained than its interpretation of section 902.9. The opinion concludes that the "fine-only" sanction of section 909.1 is limited to "various categories of misdemeanors." This conclusion is untenable in light of the fact that the statute, by its own terms, applies to "any public offense for which a fine is authorized." A public offense is defined in Iowa Code section 701.2 as "that which is prohibited by statute and is punishable by fine or imprisonment." This definition clearly embraces felonies as well as misdemeanors. It cannot be claimed and the majority does not claim that a fine is not authorized for the present crime under 902.9(4).

Another conclusion advanced by the majority as to applicability of section 909.1 is equally without merit. It is claimed that the trial court's interpretation of section 909.1 would render section 909.2 surplusage. Section 909.2 may indeed be surplusage regardless of how section 909.1 is interpreted; but there is no vice in such surplusage as long as it is clear what is meant by section 909.2. That statute merely provides that "the court may impose a fine in addition to confinement where such is authorized." This rather obvious directive has nothing to do with the issues in the present case.

The real vice in statutory interpretation in the present case is posed by the majority's interpretation of section 909.1 which does not render it surplusage but instead renders it totally without meaning. This is contrary to well-established principles of statutory interpretation. *See State v. Johnson,* 216 N.W.2d 335, 337 (Iowa 1974).

Also without merit is the majority's claim that section 909.1 is only intended to carry forward the meaning of the pre-revised statute which was Iowa Code section 789.15 (1977). That statute related to the alternative punishment of a county jail sentence where a prison term was also provided. It has no bearing on the issue now before the court. It is submitted that a correct interpretation of section 909.1 requires a recognition that it is a special statute dealing with the particular sentencing option before the court, that its meaning is clear, and that it clearly authorizes the sentence imposed by the trial court in the present case.

Another statutory provision bears directly on the issue of statutory interpretation which is presented in this case. This is section 901.5 which provides:

> After receiving and examining all pertinent information, including the presentence investigation report, if any, the court shall consider the following sentencing options. The court shall determine which of them is authorized by law for the offense, and *of the authorized sentences, which of them or which combination of them, in the discretion of the court,* will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others.
>
> At the time fixed by the court for pronouncement of judgment and sentence, the court shall act accordingly:
>
> 1. If authorized by section 907.3, the court may defer judgment and sentence for an indefinite period in accordance with chapter 907.
>
> 2. *If the defendant is not an habitual offender as defined by section 902.8, the*

*court may pronounce judgment and impose a fine.*

3. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907.

4. The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both.

5. If authorized by section 907.3, the court may defer the sentence and assign the defendant to the judicial district department of correctional services.

6. The court may pronounce judgment and sentence the defendant to confinement and then reconsider the sentence as provided by section 902.4 or 903.2.

(Emphasis added).

In *State v. Hildebrand,* 280 N.W.2d 393, 395–97 (Iowa 1979), this statute was interpreted as conferring upon the trial courts of this state authority to impose in their discretion those authorized sentences or those combinations of authorized sentences set forth in subparagraphs 1–6 of section 901.5. Notably, section 901.5 only confers such discretion in the application of those sentencing options "authorized by law." Whether a particular option is authorized by law must be determined by reference to section 901.5 and other statutes which deal specifically with the particular sentencing option. *Hildebrand,* 280 N.W.2d at 397. Standing alone, subparagraph 2 of section 901.5 authorizes the imposition of a fine without any sentence of imprisonment except in those instances where the defendant is an habitual offender. The record in the present case does not indicate that the defendant is an habitual offender. Therefore, unless this sentencing option is otherwise precluded by statute it was available to the trial court in the present case. The majority's claim that such option is precluded by section 902.9 is untenable for the reasons previously urged. Nor is such option precluded by section 907.3. Section 907.3 specifies that the ameliorative sentencing options of deferred judgment, deferred sentence, and suspended sentence are not avail-

able upon conviction of a forcible felony. The crime for which the defendant was sentenced in the present case is a forcible felony thus making these sentencing options unavailable to the sentencing judge. In the application of the statutory sentencing scheme set forth in section 901.5, this circumstance affects only those sentencing options provided in subparagraphs 1, 3, 5, and 6 of section 901.5. Recalling our observation in *Hildebrand,* 280 N.W.2d at 397, that "the legislature has demonstrated its ability to express its intent to eliminate sentencing options," I find nothing in section 907.3 which, either directly or by necessary implication, restricts the option of imposing a fine without sentence of imprisonment under subparagraph 2 of section 901.5.

The majority asserts that the trial court's interpretation of section 909.1 would frustrate the intent of section 902.7, relating to mandatory minimum sentences in certain cases. No claim is made by the appellee in the present appeal that section 902.7 would be thus affected, nor is that the claim of this dissent. The applicability of section 902.7 depends entirely on other statutory language not involved in the present case. That this is so is made clear by the following commentary from 4 J. Yeager & R. Carlson *Iowa Practice: Criminal Law and Procedure* section 1772 (1979):

Fines are authorized for class C felons, class D felons, and all misdemeanors. In pronouncing sentence, the court may impose a fine, within the limits provided, without imposing a sentence of imprisonment. For simple misdemeanors, the fine will usually be the preferred sentence. It is not clear whether the court can avoid the minimum sentence provision of § 902.7 by imposing a fine only, but there appears to be no reason why the restrictions on probation in § 907.3 will affect the court's exercise of this option, and clearly the limitations on parole in §: 906.5 do not.

Professors Yeager and Carlson entertain doubts as to whether a court can avoid the minimum sentences of section 902.7 by sentencing a convicted felon to pay a fine.

They unequivocally state, however, that in other cases involving class "C" or class "D" felonies, including those where section 907.3 restricts probation, a "fine-only" sentence is authorized by law. The provisions of section 902.7 are not involved in the present case. I must conclude that the sentence which the trial court imposed in the present case was authorized by law. I would affirm the trial court's sentence.

LeGRAND and LARSON, JJ., join this dissent.