STATE of Iowa, Appellee,

v.

Wade Allen COLE, Appellant.

No. 87–727.

Supreme Court of Iowa.

April 13, 1988.

Charles L. Harrington, Appellate Defender, and Michael J. Laughlin, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Roxann M. Ryan, Asst. Atty. Gen., for appellee.

SNELL, Justice.

On February 5, 1987, appellant Wade Allen Cole pled guilty to delivery of less than one ounce of marijuana. *See* Iowa Code §§ 204.401(1)(b), 204.410 (1985). Cole was sentenced on May 18, 1987, and does not challenge the sentence's length or conditions. He appeals because he believes he is guilty not of a class "D" felony, as the district court's judgment and sentencing order reflects, but rather of a serious misdemeanor.

The pertinent facts are undisputed. The situation to which Cole pled brings him within the purview of Iowa Code section 204.401(1)(b) (1985), which makes the unlawful delivery of certain controlled substances a class "D" felony. However, Cole's situation also comes within the ambit of Iowa Code section 204.410 (1985), which provides, in pertinent part, as follows:

> In a prosecution for unlawful delivery or possession with intent to deliver marijuana, if the prosecution proves that the defendant violated the provisions of section 204.401, subsection 1, by proving that the defendant delivered or possessed with intent to deliver one ounce or less of marijuana, the defendant is guilty of an accommodation offense and rather than being sentenced as if convicted for a violation of section 204.401, subsection 1,

paragraph "b", shall be sentenced as if convicted of a violation of section 204.-401, subsection 3. An accommodation offense may be proved as an included offense under a charge of delivering or possessing with the intent to deliver marijuana in violation of section 204.401, subsection 1.

Cole grounds his argument in that portion of the above-noted section which states that those falling within this section "are guilty of an accommodation offense and ... shall be sentenced as if convicted of a violation of section 204.401, subsection 3." From this premise Cole reasons that, as those convicted under section 204.401, subsection 3, are guilty of only a serious misdemeanor, he too is guilty of only a serious misdemeanor.

In construing a statute, we must be mindful of the state of the law which existed at the time the statute was enacted. *E.g., Doe v. Ray*, 251 N.W.2d 496, 501 (Iowa 1977). Relatedly, if, as here, a statute has been revised or amended and is ambiguous or susceptible of two constructions, reference may be had to prior statutes for the purpose of ascertaining legislative intent. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976).

Section 204.410 was originally enacted in 1971. *See* 1971 Iowa Acts ch. 148, § 410 (codified at Iowa Code § 204.410 (1973)). The original statute, like the present one, cross-referenced accommodation offenders to section 204.401(3) for purposes of punishment. Our law at that time provided that offenses were classified as felonies or misdemeanors depending upon the punishment imposed, *State v. DiPaglia*, 247 Iowa 79, 87–88, 71 N.W.2d 601, 606 (1955); *see State v. Robbins*, 257 N.W.2d 63, 67 (Iowa 1977), and that a misdemeanor was every public offense other than those punishable by death or by imprisonment in the penitentiary or reformatory, *see* Iowa Code §§ 687.2, 687.4 (1971). The accommodation offense, punishable by imprisonment in the county jail or by fine or both, *see* Iowa Code § 204.401(3) (1973), was classified as a misdemeanor. The legislature has exclusive control over such classifications, *Rob-*

*bins*, 257 N.W.2d at 67, and may, in creating "an accommodation offense," delineate a class of offenses separate from that created under section 204.401(1).

Although section 204.410 has been revised on several occasions, such changes will not be construed as altering the law unless the legislature's intent to do so is clear and unmistakable. *E.g., State v. Osborn*, 368 N.W.2d 68, 69–70 (Iowa 1985). A legislative intent to make a change does not exist when the revised statute is merely susceptible to two constructions. *State v. Peterson*, 327 N.W.2d 735, 738 (Iowa 1982).

Accordingly, we think the legislature's reference in section 204.410 to section 204.401(3) is intended to encompass both sentencing and classification of offense. We agree with Cole that the judgment against him is properly classified as a serious misdemeanor. We vacate the sentencing order in part and remand this case to the district court to modify the sentencing order in accordance with this opinion.

SENTENCE VACATED IN PART AND REMANDED WITH DIRECTIONS.