**STATE of Iowa, Plaintiff–Appellant,**

v.

**Roberto SOCARRAS,
Defendant–Appellee.**

No. 87–1397.

Court of Appeals of Iowa.

April 20, 1988.

As Corrected Sept. 8, 1988.

Thomas J. Miller, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., and Mary Schlicher, Asst. Wright Co. Atty., for plaintiff-appellant.

Roberto Socarras, pro se.

Considered by DONIELSON, P.J., and SACKETT and HABHAB, JJ.

HABHAB, Judge.

In this discretionary review, the State challenges the legality of the sentence imposed upon defendant Roberto Socarras by the trial court. After a jury trial, the defendant was found guilty of OWI, second offense, in violation of Iowa Code section 321J.2. The trial court sentenced the defendant to ninety days in jail, with all but ten days suspended. It did not order the revocation of the defendant's driver's license for six years nor did it impose a fine of not less than $750.

On appeal, the State contends (1) that Iowa Code section 321J.4(3)(a) (1987) requires the court to order the revocation of defendant's motor vehicle license for a period of six years, for his record reveals three prior OWI convictions in violation of section 321J.2, and (2) that section 321J.2(2)(b) requires the trial court to impose the minimum fine of not less than $750. We agree with each of the State's contentions; therefore, we vacate the sentence and remand for resentencing.

I.

The record is undisputed that the defendant's OWI criminal convictions under section 321J.2 and its predecessor, section 321.281, are: (1) June 17, 1979, OWI, first offense; (2) July 19, 1980, OWI, second offense; (3) November 5, 1981, OWI, third offense; and (4) April 12, 1987, OWI, second offense (defendant's present conviction). It is readily apparent that two of the defendant's OWI convictions occurred more than six years prior to the date of the present violation. Thus, as it relates to the present OWI charge, those two convictions were not considered in determining the offense under which to charge the defendant. Iowa Code § 321J.2(3) (formerly § 321.281(2)). The question now is whether those two convictions are relevant when applying section 321J.4(3)(a). We hold they are.

The first sentence of Iowa Code section 321J.4(3)(a) (1987) reads: "Upon a plea or verdict of guilty of a third or subsequent violation of section 321J.2, the court shall order the department [of transportation] to revoke the defendant's motor vehicle license ... for a period of six-years." This language is almost identical to former section 321.281(9)(a), which was recodified in Chapter 321J in 1986. *See e.g.* Iowa Code § 321.281(9)(a) (1983) and (1985); 1986 Iowa Acts, Chapter 1220, §§ 4, 47, 51, 52.

In interpreting section 321.281(9)(a), the Iowa Supreme Court in *State v. Pettit*, held that the six-year driving bar of section 321.281(9)(a) is mandatory. *State v. Pettit*, 360 N.W.2d 833, 836 (Iowa 1985). The court in *Pettit* stated: "When the requisite number of convictions has been found, the trial court has no discretion. It must order the revocation." *Id.* at 836. Since section 321J.4(3)(a) merely recodifies section 321.-281(9)(a), the revocation is also mandated under the present law. *See State v. Peterson*, 327 N.W.2d 735, 738 (Iowa 1982); Annot., 35 ALR 4th 181 (changes made by revision of statute will not be construed to alter law absent clear and unmistakable legislative intent to do so).

The recodification or revision of a statute does not change its purpose, operation, or effect. *Hanover Insurance Company v. Alamo Motel*, 264 N.W.2d 774, 778 (Iowa 1978). Where a statute is omitted as part of a complete revision of a large section of the Code, the presumption is that changes reflect only economy of words or style rather than an intent to change the meaning. *Kelly v. Brewer*, 239 N.W.2d 109, 114 (Iowa 1976).

Once the record reveals that the defendant has been convicted of three or more OWI violations, it is mandated that the trial court order the imposition of the six-year driving bar as required under Iowa Code section 321J.4(3). The date of the conviction is irrelevant; this is because the six-year limitation of Iowa Code section 321J.2(3) does not apply to Iowa Code section 321J.4(3). *State v. Pettit*, 360 N.W.2d at 835. The statute "does not expressly provide a six-year limitation, and we will not read one into it." *Id.* at 835. Nor does the statute require a conviction of third

offense OWI. It merely requires three or more convictions of OWI.

The defendant's driving record reveals more than three prior OWI convictions. The trial court was therefore required to order the department of transportation to impose the six-year driving bar pursuant to Iowa Code section 321J.4(3). In doing so, the revocation of driving privileges upon a third or subsequent violation of operating while intoxicated is not to punish the driver, but to protect the public by providing that drivers who have demonstrated a pattern of driving while intoxicated be removed from the highways. *State v. Blood,* 360 N.W.2d 820 (Iowa 1985). Accordingly, we vacate this part of the trial court's sentence and remand for resentencing.

## II.

Turning to the State's next contention, that the trial court erred in not imposing a fine of not less than $750 as specified in Iowa Code section 321J.2(2)(b), we set forth the following pertinent provisions of that section:

2. A person who violates this section commits:

    \*    \*    \*    \*    \*    \*

b. An aggravated misdemeanor for a second offense and shall be imprisoned in the county jail or community-based correctional facility not less than seven days, which minimum term cannot be suspended notwithstanding section 901.5, subsection 3 and section 907.3, subsection 2, *and* assessed a fine of not less than $750. (emphasis added)

Iowa Code § 321J.2(2)(b) (1987).

The trial court sentenced the defendant to confinement only. In this respect, the trial court's confinement-only sentence would be justified under Iowa Code section 901.5(3) were it not for the specific confinement-and-fine penalty prescribed for OWI,

second offense under Iowa Code section 321J.2(2)(b). As stated in the *Peterson* case, "Section 901.5 is only a general or summary statute providing a framework for pronouncing judgment and sentence. It does not allow the court to override or substitute a fine for the confinement specifically required [by other sections]." *State v. Peterson,* 327 N.W.2d 735, 736 (Iowa 1982). Likewise, nothing in sections 901 or 907 authorizes the court to substitute a confinement-only sentence where the specific statute, section 321J.2(2)(b), calls for both confinement and a minimum fine of $750. The trial court erred in not imposing a fine.

This error is similar to that discussed in *Peterson,* where it was held the trial court had no authority to impose a fine-only sentence under a statute which required a fine in addition to confinement. *Id.* at 739. The supreme court in *Peterson* vacated the sentence and remanded for further proceedings. *Id.* at 739.

We hold here that under section 321J.2(2)(b) the trial court has no authority to impose a confinement-only sentence for OWI, second, for the statute requires a confinement-and-fine penalty.

SENTENCE VACATED AND REMANDED.