# IN THE SUPREME COURT OF IOWA

No. 21–1753

Submitted March 22, 2023—Filed April 21, 2023

**STATE OF IOWA,**

Appellant,

vs.

**IOWA DISTRICT COURT FOR WOODBURY COUNTY,**

Appellee.

On review from the Iowa Court of Appeals.

Certiorari to the Iowa District Court for Woodbury County, Jeffrey A. Neary, Judge.

A defendant convicted of possession, third or subsequent offense, seeks further review of the court of appeals decision vacating his fine-only sentence.

**DECISION OF COURT OF APPEALS AFFIRMED; WRIT SUSTAINED, SENTENCE VACATED, AND REMANDED.**

Christensen, C.J., delivered the opinion of the court, in which all participating justices joined. May, J., took no part in the consideration or decision of the case.

Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellant.

Martha J. Lucey, Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellee.

**CHRISTENSEN, Chief Justice.**

We must decide whether the district court has the authority to sentence a defendant convicted of possession of methamphetamine, third or subsequent offense—a class "D" felony—to a fine with no term of probation or imprisonment. The short answer is "no." Rather, Iowa Code section 124.401(5)(*f*) (2021) mandates a specific penalty for the defendant's offense that includes a term of imprisonment not less than forty-eight hours with the possibility of a suspended sentence and probation subject to random drug testing. By choosing not to impose these requirements, the district court imposed an illegal sentence. Therefore, we vacate the defendant's sentence and remand for resentencing.

## I. Background Facts and Proceedings.

On April 12, 2021, the State charged John Baker with possession of methamphetamine, third or subsequent offense, a class "D" felony. *See id.* § 124.401(5). Baker and the State reached a plea agreement on May 11, in which Baker would plead guilty as charged and leave his sentence to the discretion of the district court. Baker entered this guilty plea in writing that same day.

At the sentencing hearing on September 27, the State recommended "that the defendant be sentenced to a suspended five-year sentence, with five years of probation" and complete a residential treatment facility program for his substance abuse. Baker asked that he be sentenced to a fine. The State challenged Baker's request, arguing, "Iowa Code section 901.5 does not endorse the imposition of only a fine on a felony offense. The Court may pronounce

judgment and impose a fine or sentence, or sentence the defendant to confinement, or both," but a fine alone would be an illegal sentence.

The district court acknowledged the State's disagreement but sentenced Baker on the record "to the minimum fine; $1,025, plus 15 percent surcharge." It further explained,

> I am not going to impose a prison sentence, nor suspend one. And the -- I am not suspending the fine, so it's imposed.
>
> And I am not placing the defendant on probation, so he will not have any probation enrollment fee to pay, or any other surcharges that are applicable to this particular situation. And I will tax court costs, cost of court-appointed counsel to the defendant, even though he may not generally have the reasonable ability to pay. Because he's requested a fine, I am going to find that he has the reasonable ability to pay, so that all the consequences will be financial in this case.

The district court filed a written judgment that same day, contradicting its oral pronouncement of the sentence by imposing a suspended term of imprisonment not to exceed five years with no probation.

The State filed a motion to correct an illegal sentence, which Baker resisted. The district court denied the State's motion, explaining, "This Court continues to believe that it is authorized to select and impose a sentence of a fine without probation under Iowa Code Section 901.5(2) and (3)." We granted the State's petition for writ of certiorari and transferred this case to the court of appeals, which concluded Baker's fine-only sentence was illegal and remanded for resentencing before a different judge. Baker filed a timely application for further review, which we granted.

**II. Standard of Review.**

A writ of certiorari lies when a district court exceeds its jurisdiction or otherwise acts illegally. *Lozano Campuzano v. Iowa Dist. Ct.*, 940 N.W.2d 431, 434 (Iowa 2020). "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." *Id.* (quoting *Weissenburger v. Iowa Dist. Ct.*, 740 N.W.2d 431, 434 (Iowa 2007)). Neither party is challenging the constitutionality of the sentence, so we review the legality of Baker's sentence for correction of errors at law. *Id.*

**III. Analysis.**

The only issue on appeal is the legality of Baker's fine-only sentence with no term of probation or imprisonment that the district court pronounced at sentencing. We recognize this pronouncement differs from the district court's written judgment, which imposed a suspended term of imprisonment not to exceed five years with no probation, but the oral pronouncement controls. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). In explaining its sentencing decision, the district court cited Iowa Code section 901.5, paragraphs (2) and (3), and the court of appeals reversed the district court's decision based on its conclusion that Iowa Code section 902.9(1)(*e*) governing the maximum sentence for a nonhabitual offender felon required a mandatory term of imprisonment.

Iowa Code section 901.5 summarizes a district court's sentencing options. Section 901.5(2) gives the district court the authority to "pronounce judgment and impose a fine" upon the defendant "[i]f the defendant is not an habitual offender," *id.* § 901.5(2), while section 901.5(3) authorizes the district court to

"pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907," *id.* § 901.5(3). Nevertheless, section 901.5 is a general sentencing statute, so the district court's authority to invoke any of its provisions is negated "when a specific statute withholds this general sentencing authority." *State v. Klein*, 574 N.W.2d 347, 348 (Iowa 1998). Section 901.5's language recognizes this, instructing the district court to "determine which of [the sentencing options] *is authorized by law for the offense.*" Iowa Code § 901.5 (emphasis added). Thus, the district court's sentencing authority under section 901.5 depends on the specific penalty prescribed in the Iowa Code for the offense at issue.

Both of the parties and the lower courts focused on the interplay between Iowa Code sections 901.5,[1] 902.9(1)(*e*),[2] and 907.3,[3] as well our decision in *State v. Peterson*, 327 N.W.2d 735, 737 (Iowa 1982) (en banc). In *Peterson*, we held that Iowa Code section 901.5 did not authorize the district court to sentence a class "D" forcible felon to only a fine. *Peterson*, 327 N.W.2d at 737. Before the

[1]The district court specifically relied on section 901.5, paragraphs (2) and (3), which provide, "If the defendant is not an habitual offender as defined by section 902.8, the court may pronounce judgment and impose a fine," Iowa Code § 901.5(2), and, "The court may pronounce judgment and impose a fine or sentence the defendant to confinement, or both, and suspend the execution of the sentence or any part of it as provided in chapter 907," *id.* § 901.5(3).

[2]Section 902.9(1)(*e*) states, "A class 'D' felon, not an habitual offender, shall be confined for no more than five years, and in addition shall be sentenced to a fine of at least one thousand twenty-five dollars but not more than ten thousand two hundred forty-five dollars." *Id.* § 902.9(1)(*e*).

[3]Section 907.3 instructs the district court that it "may, upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered, exercise any of the options contained in this section. However, this section does not apply to a forcible felony or to a violation of chapter 709." *Id.* § 907.3. Those sentencing options include a deferred judgment, deferred sentence, and suspended sentence. *See generally id.*

court of appeals, Baker argued his case was distinguishable from *Peterson* because he did not commit a forcible felony and thus could have received a deferred judgment, deferred sentence, or suspended sentence. *See generally* Iowa Code § 907.3. We need not resolve the parties' dispute over the scope of *Peterson* because Baker's conviction for possession of methamphetamine, third or subsequent offense, imposes a specific penalty under section 124.401(5)(*f*).

Iowa Code section 124.401(5)(*f*) states,

> If the controlled substance is . . . methamphetamine, *the court shall order the person to serve a term of imprisonment of not less than forty-eight hours.* Any sentence imposed may be suspended, and the court shall place the person on probation upon such terms and conditions as the court may impose. The court may place the person on intensive probation. However, the terms and conditions of probation shall require submission to random drug testing. If the person fails a drug test, the court may transfer the person's placement to any appropriate placement permissible under the court order.

(Emphasis added.) Upon granting further review, we requested supplemental briefing from the parties on the potential applicability of Iowa Code section 124.401(5) and Iowa Code chapter 909 to Baker's sentence. In addition to briefing those issues, Baker took this opportunity to ask us for the first time to overrule *Peterson.* But we save for another day Baker's argument that *Peterson* applies only to forcible felonies and his alternative request to overrule *Peterson* because the only issue properly before us in this case is whether section 909.1 supersedes section 124.401(5)(*f*) to authorize Baker's fine-only sentence.

Iowa Code section 909.1 states, "Upon a verdict or plea of guilty of any public offense for which a fine is authorized, the court may impose a fine instead of any other sentence where it appears that the fine will be adequate to deter the

defendant and to discourage others from similar criminal activity." Baker maintains this section supersedes section 124.401(5)(*f*) to authorize his fine-only sentence. This interpretation ignores the legislature's word choice in section 124.401(5)(*f*). The legislature has directed that, unless otherwise specified, its use of the word "shall" in a statute "imposes a duty" that is mandatory, while its use of "may" only "confers a power" that is discretionary. *Id.* § 4.1(30)(*a*), (*c*); *see also State v. Klawonn*, 609 N.W.2d 515, 521–22 (Iowa 2000) (en banc).

Under section 124.401(5)(*f*), if a person is convicted of possession of methamphetamine, "the court *shall* order the person to serve a term of imprisonment of not less than forty-eight hours. Any sentence imposed *may* be suspended, and the court *shall* place the person on probation upon such terms and conditions as the court may impose." Iowa Code § 124.401(5)(*f*) (emphasis added). Likewise, the probation terms and conditions "*shall* require submission to random drug testing." *Id.* (emphasis added). This penalty "*shall* be in addition to, and not in lieu of, any civil or administrative penalty or sanction otherwise authorized by law." *Id.* § 124.404 (emphasis added). Applying the legislature's definitions of "shall" and "may," it is clear that the district court had the discretion to suspend Baker's term of imprisonment, but it was required to sentence Baker to at least a forty-eight-hour term of imprisonment and place him on probation subject to random drug testing. *Id.* § 124.401(5)(*f*); *see also id.* at § 4.1(30)(*a*), (*c*). Simply put, a term of imprisonment—albeit one that could be suspended—and probation with random drug testing are mandatory, not optional.

Baker's claim that section 909.1 supersedes section 124.401(5)(*f*) contradicts the language of both statutes. While section 909.1 gives the district court the discretion to impose a fine in lieu of another sentence when the defendant's offense authorizes a fine, it does not address mandatory terms of imprisonment. *See id.* § 909.1. To the extent that section 124.401(5)(*f*) and 909.1 conflict, section 124.401(5)(*f*) prevails because it is a special statute while section 909.1 provides general guidance regarding the imposition of fines. *See State v. Thomas*, 659 N.W.2d 217, 222 (Iowa 2003); *see also* Iowa Code § 4.7 ("If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision.").

In choosing not to impose probation subject to random drug testing and at least a suspended sentence of the minimum forty-eight-hour term of imprisonment required under section 124.401(5)(*f*), the district court's fine-only sentence was illegal and void because it lacked statutory authorization. *See State v. Louisell*, 865 N.W.2d 590, 597 (Iowa 2015) ("[S]entences imposed without statutory authorization are illegal and void."). In conclusion, we cannot hold that section 909.1—or section 905.1 for that matter—allow the district court to sentence an individual convicted of a class "D" felony for possession of methamphetamine, third or subsequent offense, to only a fine. Reading the applicable statutes in harmony, the minimum sentence that the district court could impose in this case under section 124.401(5)(*f*) would be a suspended

sentence of at least forty-eight hours with probation that includes random drug testing. *See* Iowa Code § 124.401(5)(*f*).

**IV. Conclusion.**

Because Baker's sentence was illegal and void, we sustain the State's writ of certiorari, vacate Baker's sentence, and remand for resentencing.

**DECISION OF COURT OF APPEALS AFFIRMED; WRIT SUSTAINED, SENTENCE VACATED, AND REMANDED.**

All justices concur except May, J., who takes no part.