STATE of Iowa, Appellee,

v.

James Craig THOMAS, Appellant.

No. 01–1463.

Supreme Court of Iowa.

April 2, 2003.

Linda Del Gallo, State Appellate Defender, and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Richard Crowl, County Attorney, and Martha Heinicke, Assistant County Attorney, for appellee.

CADY, Justice.

In this appeal, we must determine if a guilty plea entered in a county drug court program was voluntary and intelligent. The court of appeals determined any error in the plea was harmless, but vacated the sentence and remanded the case to the district court for resentencing. On further review, we conclude the guilty plea was voluntary and intelligent. We affirm the decision of the court of appeals, affirm the conviction, and remand for resentencing.

## I. Background Facts and Proceedings.

On two separate occasions in April 1999, James C. Thomas sold methamphetamine to a confidential informant working with the Southwest Iowa Narcotics Enforcement Task Force. Thomas was subsequently charged with two counts of delivery of a controlled substance, a class "C" felony, in violation of Iowa Code section 124.401(1)(c)(6) (1999). He was later accepted into a drug court program established in Pottawattamie County.[1]

On September 28, 2000, Thomas appeared in drug court and entered a plea of

---

1. "Drug courts" are a relatively new phenomenon in the criminal justice system. *See* Drug Courts Program Office (U.S. Dep't of Justice), *About the Drug Courts Program Office* 1 (2000) (explaining the first drug court program was established in 1989 in response to growing concerns about drugs and drug-related crime and the effectiveness of existing treatment and enforcement programs). The courts are constituted by "[l]ocal coalitions of judges, prosecutors, attorneys, substance abuse treatment professionals, probation officers, community-based service organizations, law enforcement officials, and others" who use "the coercive power of the court to force abstinence from drugs and alter behavior of

guilty to the charges. Prior to accepting the plea, the presiding district court judge questioned Thomas to determine the voluntariness of his decision to plead guilty. The colloquy between the district court and Thomas included a factual basis for the guilty plea, as well as an acknowledgement by Thomas of the rights lost by pleading guilty. Thomas was also informed that each offense carried a maximum sentence of ten years incarceration. Yet, in explaining the drug court process to Thomas, the district court judge informed him that the charges would be dismissed if he successfully completed the drug-treatment program. He also informed him he would "end up doing 20 years in the penitentiary" if he failed to successfully complete the program. After accepting the plea, the district court judge noted that sentencing would be held in abeyance pending completion of the treatment program.

On August 16, 2001, Thomas was returned to the district court after absconding from the supervision of his treatment facility. At that time, the court held a brief hearing and sentenced Thomas to two consecutive sentences of ten years.

Thomas appealed from the district court's judgment and sentence. He claimed his guilty plea was not voluntarily or intelligently entered based on the statement by the district court during the plea colloquy that the charges would be dismissed if he successfully completed the drug court program. Thomas asserted this disposition was not an available sentencing option for the district court to impose because Iowa Code section 124.401E(1) (Supp.1999) authorizes only a suspended sentence as a predicate to the drug court program. Additionally, Thomas argued the district court actually imposed a deferred sentence when it ordered him into the drug court program, which was not an available sentencing option under section 124.401E(1). Finally, Thomas claimed the district court sentenced him following his departure from the drug court program without providing him with counsel and a right of allocution, and without stating the reasons for the sentence imposed. We transferred his appeal to the court of appeals.

The court of appeals determined that any mistake by the district court during the plea colloquy in informing Thomas of an outcome—dismissal of the charges—that was not possible under section 124.401E(1) was "moot" and "harmless" because Thomas failed to successfully complete the program. It otherwise found the plea was entered voluntarily and intelligently. However, the court of appeals concluded the district court failed to provide Thomas with counsel and with his right of allocution. It therefore upheld the conviction, but remanded the case for re-sentencing.

Thomas sought further review of the court of appeals decision challenging only the conclusion relating to his guilty plea.

---

substance-abusing offenders" through the integration of "substance abuse treatment, sanctions, and incentives with case processing" and the placement of "nonviolent drug-involved defendants in judicially supervised visitation programs." *Id.* There are over nine hundred drug court programs currently in existence in the United States. Drug Court Clearinghouse & Technical Assistance Project (U.S. Dep't of Justice), *Summary of Drug Court Activity by State & County* (2002). The first program in Iowa began in Polk County in 1996, but there are now several programs operating within the state. Paul Stageberg, et al., *Final Report on the Polk County Adult Drug Court* 3 (2001). It is estimated that Polk County's drug court program prevented 50,874 days of confinement and saved $2,543,651.14 in 2000 alone. Drug Court Clearinghouse & Technical Assistance Project (U.S. Dep't of Justice), *Cost Benefits Reported by Drug Court Programs* 3 (2003).

The State did not seek further review of the court of appeals decision. Thus, the sole question presented is whether Thomas' guilty plea in the district court was voluntary and intelligent.

## II. Standard of Review.

Challenges to the validity of a guilty plea involve determinations of a constitutional magnitude. For that reason, we review de novo. *State v. Sayre,* 566 N.W.2d 193, 195 (Iowa 1997).

## III. The Guilty Plea.

In *State v. Boone,* 298 N.W.2d 335, 337 (Iowa 1980), we recognized,

[a] defendant who enters a plea of guilty waives several constitutional rights. For the waiver to be valid under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, there must be an intentional relinquishment of known rights or privileges. If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of constitutional guarantees of due process and is therefore void. The defendant must have a *full understanding* of the consequences of a plea before constitutional rights can be waived knowingly and intelligently.

*Id.* (citations omitted) (emphasis added); *see also State v. Buck,* 510 N.W.2d 850, 853 (Iowa 1994) (citing *State v. Johnson,* 318 N.W.2d 417, 426–27 (Iowa 1982)) ("A defendant's waiver of a jury trial must be a voluntary, knowing, and intelligent act, done with awareness of the relevant circumstances and likely consequences."); *State v. Lawrence,* 344 N.W.2d 227, 229 (Iowa 1984). Concomitant with the constitutional guarantees described in *Boone,* "[w]e have also stated as a separate requirement that there be compliance with Iowa rule of criminal procedure 8(2)(b)

through (d) [now rule 2.8(2)(*b*) through (*d*)]." *State v. Higginbotham,* 351 N.W.2d 513, 514 (Iowa 1984). Therefore, the entry of a plea by a defendant has both constitutional and procedural elements that must be addressed to ensure that a plea is entered voluntarily and intelligently. These protections are not altered because the plea is part of a drug court proceeding within a county drug court program.

■ In considering the challenge by Thomas to the voluntariness of his guilty plea, we first turn to the State's claim, which was the basis of the decision by the court of appeals, that the issue was rendered moot after Thomas absconded from the drug court program. We begin our review of this claim with the proposition that Thomas " 'had an unqualified constitutional right to a trial on the issue of [his] guilt, which [he may have] abandoned on the strength of [the court's misinformation].' " *State v. Kress,* 636 N.W.2d 12, 22 (Iowa 2001) (quoting *Meier v. State,* 337 N.W.2d 204, 208 (Iowa 1983)). In other words, if the district court informed Thomas of a sentencing disposition it was not authorized to impose, his guilty plea based on that misinformation would be rendered involuntary and not intelligent. Moreover, the misinformation would not be rendered harmless simply by his failure to become eligible for the dismissal disposition. Even though Thomas may have lost a chance, by absconding from the drug program, to later benefit from a disposition he claims the court was not authorized to impose, any misinformation provided by the court could have been used by Thomas to influence his decision to plead guilty and pursue the drug court program rather than go to trial. For this reason, his failure to complete the program would not have rendered this claim harmless or moot. Thus, we must consider if Thomas

was misinformed by the district court during the plea colloquy.

◼ Our sentencing laws and procedures recognize three general sentencing options short of incarceration. Following a plea or verdict of guilt, a court may, subject to exceptions, defer judgment, defer sentence, or suspend sentence. Iowa Code § 907.3 (1999). When judgment is deferred, the defendant is placed on probation without entry of a judgment. *Id.* §§ 907.1(1), 907.3(1). If the probation is successfully completed, the defendant is discharged and no judgment is entered. *Id.* § 907.3(1). If probation fails, the judgment is entered and the court is permitted to impose any authorized sentence. *Id.* This option allows a defendant to avoid a record of a conviction. When the sentence is deferred, a defendant is placed on probation at or after pronouncement of judgment, but without any sentence imposed. *Id.* §§ 907.1(2), 907.3(2). The court enters an adjudication of guilt, but the sentence is deferred to a later time. *Id.* § 907.1(2). This delay allows the court to consider sentencing in the future after the court has had an opportunity to view a defendant's conduct on probation. The court retains the power to impose "any sentence it originally could have imposed." *Id.* Finally, when a sentence is suspended, a defendant is placed on probation following the pronouncement of the sentence. *Id.* §§ 907.1(3), 907.3(3). The sentence is imposed, but execution of the sentence is suspended. *Id.* § 907.1(3). This option allows a defendant to avoid a known sentence of incarceration or other punishment based on successful completion of probation. Any revocation of the suspended sentence results in the execution of the sentence previously pronounced. *Id.* Thus, courts generally have the option to either defer judgment or sentence, or suspend a sentence.

◼ Notwithstanding the availability of the sentencing options under section 907.3, Thomas argues the district court was restricted to granting a suspended sentence under section 124.401E(1), which specifically applies to the sentencing of persons convicted of delivery or possession with intent to deliver methamphetamine who are placed in a drug court program. This statute provides:

> *If* a court *sentences* a person for the person's first conviction for delivery or possession with intent to deliver a controlled substance under section 124.401, subsection 1, paragraph "*c,*" and if the controlled substance is methamphetamine, its salts, isomers, or salts of its isomers, the court *may suspend* the sentence, and the court may order the person to complete a drug court program if a drug court has been established in the county in which the person is sentenced or order the person to be assigned to a community-based correctional facility for a period of one year or until maximum benefits are achieved, whichever is earlier.

*Id.* § 124.401E(1) (Supp.1999) (emphasis added).

The only sentencing option mentioned as a predicate to ordering a defendant to complete a drug court program under the statute is a suspended sentence. Thomas argues this is a special statute that trumps the deferred judgment and deferred sentencing options of section 907.3, and only authorizes the district court to impose a suspended sentence in the event the district court chooses to order an offender into a drug court program. He claims this means the court had no authority to impose a sentencing option that would have resulted in a dismissal of the charge following successful treatment.

We recognize a special statute prevails over a general statute when they cannot be reconciled. *State v. Farley,* 351 N.W.2d 537, 538 (Iowa 1984). However, section 124.401E(1), the special statute in this case, can easily be reconciled with the available sentencing options under 907.3. Under the general sentencing statute, a defendant is required to be placed on probation following a deferred judgment or suspended sentence and, in a like manner, is required to be assigned to the judicial district department of correctional services following a deferred sentence. Iowa Code § 907.3(1), (2), and (3) (1999). Probation is a statutorily defined term, which means release for "supervision by a resident of this state or by the judicial district department of correctional services." *Id.* § 907.1(4). Thus, if a district court pursues a sentencing option under section 907.3 it must place the defendant on probation under the form of supervision specified in the statute. Section 124.401E(1), therefore, expands the district court's placement options for first offense delivery or possession with intent to deliver methamphetamine under section 124.401(1)(*c*). Under this statute the court can simply suspend the sentence and order the defendant into a drug court program. Accordingly, when sentencing an offender for such an offense, the district court has two options under a suspended sentence. It may suspend the sentence under section 907.3(3) and place the defendant on probation, or suspend the sentence under section 124.401E(1) and order the defendant to complete a county drug court program or order the defendant to be assigned to a community-based correctional facility. Thus, section 124.401E(1) merely supplements section 907.3(3). It does not otherwise restrict the district court.

It is also important to observe that section 124.401E(1) applies only "[i]f a court sentences a person" for first offense delivery or possession with intent to deliver methamphetamine under section 124.401(1)(*c*). Thus, it applies only to sentencing. The record in this case reveals Thomas was not sentenced on September 28, 2000, following his plea colloquy. An examination of the record reveals the following exchange occurred in the course of the plea colloquy between the court and Thomas:

> The Court: ... By reading the minutes of testimony here it's fairly clear to me that you could easily be found guilty because of the facts that are leading up to the time that these buys were made as well as the buys going down. Do you understand that?

> The Defendant: Yes, sir.

> The Court: All right. And you have the right to remain silent. It's the state's burden and not yours to prove your guilt. You have the right to cross-examine witnesses and you could have them come—people come here to testify for you if there were any associated with your defense. Do you think there's anybody that was going to show up to help defend you from this?

> The Defendant: No, sir.

> The Court: Probably not. All right. So we'll have this case transferred from criminal district court to the drug court pending successful completion of the drug court. In the event that you complete it successfully, your charges will be dismissed against you. If you fail to successfully complete it, you will end up doing 20 years in the penitentiary. There are—and there are some minimums associated with this offense that you'd be—you would end up doing three and a half years on each—each offense or a total of seven years hard time.

> The Defendant: Yes, sir.

Also relevant to this issue is the court's notation in the criminal calendar entered after Thomas' plea hearing:

> Defendant appeared with counsel ... and entered guilty pleas to: [two counts of delivery of a controlled substance]. Defendant was advised of his constitutional rights he waives by pleading guilty. Sentencing is held in abeyance and this case is hereby transferred to Drug Court.

This record reveals all further proceedings that would normally follow the acceptance of a plea of guilty were suspended in Thomas' case while Thomas entered the drug court program. The district court further explained the case would either be dismissed if Thomas successfully completed the program, or the case would be set for sentencing if he failed to successfully complete the program. Thus, the district court did not impose any sentencing option, but merely explained how the drug court program established in the county would operate in his case. The promise to dismiss the case upon successful completion of the program was not a sentence, and section 124.401E(1) never came into play, just as no other sentencing options came into play at the time the plea was accepted. Thomas does not argue the district court had no authority to hold his case in abeyance pending his voluntary participation in the drug court program. Moreover, courts are authorized to dismiss criminal prosecutions at any stage in the interest of justice. *See* Iowa R.Crim. P. 2.33(1). Drug court is set up to permit offenders to enter the program at most any stage of a criminal proceeding, and courts are permitted to exercise all expressed or implied authority to achieve the objectives of drug court, including dismissal of a case. Consequently, Thomas was not misinformed about the consequences of his guilty plea.

## IV. Conclusion.

The plea of guilty entered by Thomas was voluntary and intelligent. He is not entitled to have it set aside. However, he is entitled to be returned to the district court for resentencing. The district court denied Thomas his fundamental rights to counsel and allocution. We affirm the decision of the court of appeals, affirm the conviction entered by the district court, vacate the sentence, and remand for resentencing.

**DECISION OF COURT OF APPEALS AFFIRMED; CONVICTION AFFIRMED; SENTENCE VACATED AND CASE REMANDED.**