# IN THE COURT OF APPEALS OF IOWA

No. 13-0843
Filed May 14, 2014

**REGINALD SALLIS,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Dubuque County, Michael J. Shubatt, Judge.

A postconviction-relief applicant appeals denial of his application. **AFFIRMED.**

Todd Klapatauskas of Reynolds & Kenline, L.L.P.,, Dubuque, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, Ralph Potter, County Attorney, and Christine Corken, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**MULLINS, J.**

Reginald Sallis appeals from denial of postconviction relief following his guilty pleas to third-degree kidnapping and third-degree sexual abuse. He argues his original guilty plea was void as unintelligent and unknowing. He also contends trial and subsequent counsel were ineffective in failing to file motions in arrest of judgment. We affirm.

## I.     BACKGROUND FACTS AND PROCEEDINGS.

Sallis pled guilty in an *Alford*[1] plea to third-degree kidnapping and third-degree sexual abuse in exchange for two ten-year consecutive sentences. At the plea hearing, the district court failed to discuss or advise Sallis of the applicability of the special sentence under Iowa Code section 903B.1 (2005). Several months later the district court entered an order nunc pro tunc imposing the special sentence. Sallis appealed and this court remanded the case for resentencing. *State v. Sallis*, No. 06-1617, 2007 WL 1202567 (Iowa Ct. App. Apr. 25, 2007). At the resentencing hearing, the district court advised Sallis that section 903B.1 was applicable to his case and gave Sallis the opportunity to withdraw his original guilty plea. During the hearing, Sallis's counsel made the following statements:

> Your Honor, my client indicates to me that he isn't intent upon asking the Court to allow him to withdraw his guilty pleas in this matter . . . . He would like to get this matter resolved and I would ask the Defendant to speak up, if I'm misstating anything or he hears me stating anything incorrect.

---

[1] In the case of *North Carolina v. Alford*, 400 U.S. 25, 37 (1970), the United States Supreme Court recognized a plea where the defendant may "voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting a crime."

Sallis later objected to proceeding stating, "So basically, what you sit up here telling me, you're going to force my hand for one . . . . So basically, you're pushing my hand, as a convicted criminal, to either take my—take a chance and risking the rest of my life in prison . . . ." The court then had the following exchange with Sallis:

> DEFENDANT: [I]t's still my understanding that I could not be re-sentenced under the same thing, by your mistake.
> THE COURT: No. You can. Unless you withdraw your plea.
> DEFENDANT: So again, there you go. You're forcing me.
> THE COURT: No, sir. I am not forcing you to do anything.
> DEFENDANT: That's what you're doing.
> THE COURT: No sir. You have options here that are available to you. [Your attorney] has talked to you, I know.
> DEFENDANT: No, it's not in my best interest.

Following a recess during which Sallis conferred with his counsel, counsel applied to withdraw from representation, indicating Sallis wanted a new attorney. The court denied this request and proceeded with the hearing. Counsel later stated, "[I]t's my understanding that the Defendant is not requesting to withdraw his plea today . . . . We are not asking the Court to deviate from the plea bargain on this matter." The district court imposed the same sentence, this time including the special sentence under section 903B.1.

Sallis took another direct appeal asserting his counsel at the remanded hearing was ineffective for failing to object to the imposition of section 903B.1 on various constitutional grounds. *State v. Sallis*, 786 N.W.2d 508, 512 (Iowa Ct. App. 2009). We rejected these claims. *Id.* at 518. Sallis then filed an application for postconviction relief contending counsel was ineffective for 1) failing to advise

Sallis on the applicability of the special sentence, 2) failing to challenge the sufficiency of the plea colloquy, and 3) failing to file a motion in arrest of judgment. The postconviction court denied each claim. On appeal, Sallis contends his original guilty plea was void and counsel at the original plea and remanded hearing were ineffective in failing to file motions in arrest of judgment.

## II.    STANDARD OF REVIEW.

Where the challenge is to the validity of a guilty plea—a question of constitutional magnitude—our review is de novo. *State v. Thomas*, 659 N.W.2d 217, 220 (Iowa 2003). Postconviction proceedings generally are reviewed for correction of errors at law. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011). However, when a postconviction petitioner asserts the violation of a constitutional safeguard, such as effective assistance of counsel, we make our evaluation based on the totality of the circumstances. *Ailes v. State*, 574 N.W.2d 353, 354 (Iowa Ct. App. 1997). This is the equivalent of de novo review. *Id.*

## III.    ANALYSIS.

Sallis argues his original plea was void for being involuntary and unknowing because the district court failed to advise him of the applicability of the sentencing enhancement under Iowa Code section 903B.1.[2] However, on remand, the district court advised Sallis on section 903B.1 and gave him the opportunity to withdraw his guilty plea. He chose not to do so, and the district

---

[2] The State contends Sallis failed to preserve error by raising this claim in a motion in arrest of judgment or as an ineffective assistance of counsel claim in his postconviction relief application. We assume without deciding that Sallis preserved error.

court imposed judgment. Sallis, therefore, was offered a remedy for the original defective guilty plea and rejected it.

Sallis also argues his trial counsel and counsel during the remanded hearing were ineffective. To prevail on a claim of ineffective assistance of counsel, the applicant must prove by a preponderance of the evidence (1) counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To satisfy the prejudice requirement, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *Id.* at 138. The applicant's failure to prove either element is fatal; therefore, we may resolve the claim on either prong. *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003).

Sallis contends counsel at the original plea hearing was ineffective in failing to file a motion in arrest of judgment based on the court's failure to advise him on the applicability of section 903B.1. As has already been stated, at the sentencing hearing on remand the district court offered Sallis an opportunity to withdraw his prior plea; thus he had a remedy for the failure to have previously filed a motion in arrest of judgment. Further, Sallis' bare assertion that "[h]ad [he] known of the lifetime on parole provision [under section 903B.1] he would not have pled guilty" is insufficient proof of prejudice in light of the fact that he was fully advised on that provision on remand and chose to maintain his guilty plea.

Sallis also contends counsel at the remand hearing was ineffective in failing to file a motion in arrest of judgment. He asserts the decision to maintain

his guilty plea was not knowing and voluntary because Sallis "was objectionable to moving forward with sentencing on remand." Counsel maintained throughout the hearing that Sallis did not seek to withdraw his plea. Sallis had multiple opportunities to indicate he did want to withdraw his plea and the only objection he raised was to proceeding with that particular counsel.[3] Thus, the record does not support his assertion on appeal that the decision was unknowing or involuntary. Because the decision was not unknowing or involuntary, counsel had no duty to file a motion in arrest of judgment. Further, Sallis cannot show a reasonable probability that but for counsel's errors he would have insisted on going to trial because the court offered him the opportunity to do so, and he declined it. Accordingly, his ineffective assistance of counsel claim fails.

## IV. CONCLUSION.

Sallis had a remedy for his claim that his original plea was unintelligent and unknowing, a remedy he rejected. He further failed to show counsel at the remand hearing had a duty to file a motion in arrest of judgment where the record did not reflect his decision to maintain his plea was unknowing or involuntary. Finally, Sallis failed to show he was prejudiced by counsel's failure as he had the opportunity to go to trial and declined it. Accordingly, his claims fail. We affirm.

**AFFIRMED.**

---

[3] The postconviction court found that Sallis's statements at the remanded hearing were "not based on the fact [] that he did not understand his options; [they were] based on the fact that he did not like the only options legally available to him." We agree.