# IN THE COURT OF APPEALS OF IOWA

No. 14-1167
Filed April 22, 2015

**STATE OF IOWA,**
         Plaintiff-Appellee,

**vs.**

**RICKIE EDWARD DYER JR.,**
         Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Odell McGhee II, District Associate Judge.

Rickie Dyer appeals from his conviction and sentence for operating while intoxicated, third offense. **OWI CONVICTION VACATED, BOTH SENTENCES VACATED, AND REMANDED WITH DIRECTIONS.**

Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Heather Ann Mapes, Assistant Attorney General, John P. Sarcone, County Attorney, and Jordan Roling, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, P.J.**

Rickie Dyer appeals from his conviction and sentence for operating while intoxicated, third offense. He asserts his plea was not entered into knowingly or voluntarily because the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(b). We agree, and therefore vacate the plea and sentence, and remand.

On March 5, 2014, the State charged Dyer with operating a vehicle without the owner's consent and operating while intoxicated (OWI), and later amended the trial information to add a third-offense enhancement to the OWI charge. On June 18, Dyer was charged with domestic abuse assault under a different case number. Plea agreements were offered for both cases, with the State agreeing to drop the operating without consent charge if Dyer pled guilty to OWI, third offense, and the assault charge.

Accordingly, on June 27, 2014, Dyer pled guilty to OWI, third offense, in violation of Iowa Code section 321J.2 (2013), and domestic abuse assault, in violation of Iowa Code sections 708.1 and 708.2A(2)(b). The district court accepted the pleas and proceeded directly to sentencing. During the hearing, the following exchange occurred:

> THE COURT: In reference to these two charges, you know I would give you a trial if you wanted one.
> THE DEFENDANT: Yes.
> THE COURT: I understand from your attorneys that you don't want a trial, you simply want to plead guilty?
> THE DEFENDANT: Yes, Sir.
> THE COURT: At that trial you'd be able to be represented by an attorney, call witnesses, cross-examine witnesses called by the State. You give all that up when you plead guilty; do you understand that?
> THE DEFENDANT: Yes, I do.

> THE COURT: You talked to both of your attorneys about your plea today?
>
> THE DEFENDANT: Yes I did.
>
> THE COURT: Do you understand everything they talked to you about?
>
> THE DEFENDANT: Yeah.
>
> THE COURT: Did they talk about the maximums and minimums for the charges?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did they talk about the elements of the crimes—what the State would have to prove to establish your guilt beyond a reasonable doubt on these two charges?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You understood all of that?
>
> THE DEFENDANT: Yeah.

The court then sentenced Dyer in accordance with the plea agreements—five years on the OWI third conviction and one year on the domestic abuse conviction, to run concurrently. Dyer appeals, requesting that our court "vacate his conviction, sentence and judgment on the charge of Operating While Intoxicated (third offense) and remand his case to the District Court for a new trial." The State concedes the district court failed to comply with the requirements of rule 2.8(2)(b) regarding the OWI felony conviction.

We review a claim of error regarding a guilty plea for correction of errors at law. *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). To the extent we are reviewing the voluntariness of Dyer's plea, given due process rights are implicated, our review is de novo. *See State v. Thomas*, 659 N.W.2d 217, 220 (Iowa 1984).

As an initial matter, Dyer presents no argument regarding his domestic-abuse-assault conviction, and requests only that we address his OWI conviction and sentence. Consequently, any arguments with respect to the sentence for domestic abuse are waived. *See State v. Cooley*, 608 N.W.2d 9, 13 (Iowa 2000).

Nonetheless, we note the district court complied with Iowa Rule of Criminal Procedure 2.8(2)(b), as that plea was to a serious misdemeanor. *See* Iowa R. Crim. P. 2.8(2)(b) ("The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor."); *see also State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002).

With regard to the OWI conviction, when a felony conviction is at issue, regardless of the contents of the plea agreement, the district court is required to engage in a colloquy advising the defendant of the rights he is giving up when pleading guilty. *State v. Loye*, 670 N.W.2d 141, 150–51 (Iowa 2003). This mandate states:

> The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> (1) The nature of the charge to which the plea is offered.
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

Iowa R. Crim. P. 2.8(2)(b)(1)–(5).

The State concedes, and we agree, that the court here failed to advise Dyer in accordance with some of these requirements. Thus, because the court failed to fully comply with rule 2.8(2)(b), with the defendant personally in open court, we vacate Dyer's conviction on the OWI charge, vacate the sentences on both charges, and remand the case for further proceedings to allow him to plead anew.[1] *See Loye*, 670 N.W.2d at 154. If he pleads guilty on remand, Dyer can then be resentenced on both convictions in accordance with the plea agreement. In the event the plea on the OWI charge is not reentered on remand, the district court should vacate the conviction on the domestic abuse charge and return the State to the position it had before the plea agreement. *See State v. Gines*, 844 N.W.2d 437, 442 (Iowa 2014). If this occurs, the State may reinstate any charges or sentencing enhancements it dismissed in contemplation of the plea agreement, file any additional charges supported by the evidence, and proceed against Dyer accordingly. *See id.*

**OWI CONVICTION VACATED, BOTH SENTENCES VACATED, AND REMANDED WITH DIRECTIONS.**

---

[1] Because the district court did not properly advise Dyer of the consequences for failing to file a motion in arrest of judgment, his appeal rights remain. *See Meron*, 675 N.W.2d at 540.