**IN THE COURT OF APPEALS OF IOWA**

No. 15-0191
Filed December 23, 2015

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICKY LEE JACKSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Ricky Lee Jackson appeals from his plea of guilty to possession of a controlled substance. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Alexandra Link, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Ricky Lee Jackson appeals from his plea of guilty to possession of a controlled substance, third violation. He contends his plea was not knowingly and voluntarily entered.

"Challenges to the validity of a guilty plea involve determinations of a constitutional magnitude. For that reason, we review de novo." *State v. Thomas*, 659 N.W.2d 217, 220 (Iowa 2003).

Iowa Rule of Criminal Procedure 2.8(2) governs the information the court must provide to a defendant before accepting a guilty plea.[1] In addition, the court must determine that the plea is "made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b); *see also Thomas*, 659 N.W.2d at 220.

Jackson argues he should be allowed to withdraw his guilty plea, because the district court failed to ensure he understood the rights that he was giving up by pleading guilty. "In particular, the district court failed to ensure that Jackson

---

[1] Rule 2.8(2)(b) provides in part:

Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:

(1) The nature of the charge to which the plea is offered.

(2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

(3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.

(4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.

(5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

was aware of and understood his right to seek the exclusion of illegally obtained evidence." He further contends,

> [T]he district court failed to ensure that [he] understood that if he prevailed on his motion to suppress, on the ground that the traffic stop that led to his arrest was unlawful, then the evidence against him that the State obtained as a result of that traffic stop would be excluded.

The record belies this claim.

Jackson did express his frustration with the fact that the State had indicated the plea agreement would no longer be available if Jackson did not accept it that day. The following exchange took place:

> THE COURT: Hold on. For purpose of the hearing here today and your plea, Mr. Jackson, okay, I haven't asked you how you plead yet. The only thing I would tell you is that this Court cannot control what plea offers are made or not made by the State. That's up to the county attorney and what they offer or not offer or what they remove from the table or not remove from the table.
> . . . .
> But again, whether you go to trial on that case or whether you plead guilty under the plea agreement to this possession as a third violation without that habitual offender, that is completely your decision. *If you do not enter a guilty plea*, *then whether it's today or whether it gets reset for another day*, *you would have a hearing on that motion to suppress*. *The Court would then rule on that motion to suppress and either grant it or deny it.*
> If the motion to suppress is denied, your case would get set for trial, and you would go to trial, and you would have every trial right that you have by maintaining a not guilty plea, and the State would continue to have that burden to prove your guilt beyond a reasonable doubt.
> So basically, what I'm telling you, is that I understand that you believe you have a very good motion to suppress. Okay. I understand from your words that you believe your Fourth Amendment rights were violated, all right. I'm not here to tell you that you are right or whether you are wrong about that assessment. All I want to know is do you understand what the consequences are if you plead guilty?
> Do you understand that you would be waiving that motion to suppress if you enter a guilty plea here this morning?

THE DEFENDANT: *Yes, and there is nothing I can do to have the motion to suppress and still have a five-year plea bargain on the table.* There is nothing I can do or the court can do?

(Emphasis added.)

Later in the plea proceeding, the court asked Jackson if anyone had threatened him to plead guilty and he responded, "Yeah. Yep. Yes." The transcript makes clear however that the "threat" was the removal of the plea offer.

THE COURT: You are referring to this, what I'll use as a threat in your mind, a threat of being found guilty at trial under the current charge and being sentenced to 15 years?

THE DEFENDANT: And not being able to go through with my motion to suppress.

THE COURT: Again, you understand that if you maintain a not guilty plea, there will be a hearing on your motion to suppress. Do you understand that?

I understand that the State may have indicated to you that if we go forward with the hearing, they are going to take this plea offer off the table, but do you understand that that choice is yours as to whether or not you accept this plea agreement or go forward with your motion to suppress and go forward with the trial? Do you understand that?

THE DEFENDANT: Yeah.

Jackson and his counsel took the opportunity to confer further and Jackson then entered a plea of guilty.

The parties informed the court that they were going to proceed to sentencing immediately.

The court then explained:

THE COURT: Mr. Jackson, then before you are sentenced, you have additional rights. The first is the right to file what's called a motion in arrest of judgment. That's a motion that you would file that challenges the guilty plea that you have just entered here today. It would challenge this Court's acceptance of that guilty plea.

You are required to file that motion no less than five days before being sentenced, so if we go forward with a sentence today, you would be precluded from filing that motion, and you would be precluded from ever challenging your guilty plea either here, on appeal, or in any other proceeding. Do you understand that?

THE DEFENDANT: No, I don't.

THE COURT: Hold on. I'll give you a chance to discuss it with [your attorney], but basically, if you think something has gone wrong in this guilty plea proceeding today, you would have to file a motion in arrest of judgment to challenge it. I'm not saying that that motion would be granted or not granted, but you are required to file that motion no less than five days before being sentenced, so if we go forward with a sentence today, you will be giving up your right to file that motion, so if you have questions or want to discuss that with [counsel].

[AN OFF-THE-RECORD DISCUSSION WAS HELD.]

. . . .

THE COURT: Mr. Jackson, again, do you understand that basically you have two options. We can either go forward with the sentence today or we can set the sentencing for another day, but do you understand that if we go forward with the sentence today, you would be giving up your right to file a motion in arrest of judgment?

THE DEFENDANT: Yes. If I have—If we don't go forward today, and I file that motion, am I still going to be able to file a motion to suppress and then have this—have this plea bargain sentencing another time or down the road?

THE COURT: If you file a motion in arrest of judgment, if that motion is granted, basically what would happen is that today's hearing would go away, the charge with the habitual offender, the 15-year enhancement would still be in place, and then we would be setting a hearing on the motion to suppress, but the plea deal also would be gone.

If your motion in arrest of judgment were denied, then we would be going forward with the sentence on the guilty plea you just entered today.

THE DEFENDANT: Okay. Okay. Thank you.

THE COURT: So do you understand that you would be giving up your right to file that motion in arrest of judgment if we go forward with a sentence today?

THE DEFENDANT: Yes.

THE COURT: Do you wish to give up your right to file that motion and go forward with a sentence today?

THE DEFENDANT: Yes.

The court later asked Jackson:

THE COURT: Mr. Jackson, you also have the right of what's called allocution. That's the ability to make a statement to me before I would announce your sentence. Do you wish to make any statements at this time?

THE DEFENDANT: I already made the statement I'd like, and *I didn't get the answer I wanted to hear*.

THE COURT: That was in regard to the motion to suppress?

THE DEFENDANT: Yes, sir.

(Emphasis added.)

The district court found the plea was voluntarily entered. Upon our de novo review, we affirm.

**AFFIRMED.**