# IN THE COURT OF APPEALS OF IOWA

No. 18-0716
Filed February 6, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHRIS SAMART KEOCHAI,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Story County, James C. Ellefson,

Judge.


        A defendant appeals his sentence for lascivious acts with a child.

**AFFIRMED.**


        Mark C. Smith, State Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee.


        Considered by Tabor, P.J., and Mullins and Bower, JJ.

**TABOR, Presiding Judge.**

Chris Samart Keochai appeals the prison sentence imposed following his guilty plea to lascivious acts with a child. He contends the sentencing court failed to exercise its discretion by not considering the options of a deferred judgment or a deferred sentence. Because Keochai was not eligible for a deferred judgment and the court was not required to expressly reject a deferred sentence, we affirm.

## I. Facts and Prior Proceedings

The State charged Keochai with two counts of sexual abuse in the second degree, a class "B" felony, alleging he repeatedly committed a sex act upon a child under the age of twelve. Keochai reached a plea bargain with the State. He agreed to plead guilty to a reduced charge of lascivious acts with a child, a class "C" felony, in violation of Iowa Code section 709.8(1)(a) (2015), in return for the State dismissing the second count of the trial information.

Under the agreement, the State would recommend an indeterminate term of ten years in prison; a fine of $1000 plus surcharges; payment of court costs, attorney fees, and victim restitution; a special sentence under Iowa Code section 903B.1; registry as a sex offender pursuant to Iowa Code section 692A.106; a psychosexual evaluation and successful completion of Iowa Sex Offender Treatment program; and a no-contact order with the victim and his family. Keochai was "free to make his own recommendations at the time of sentencing with the exception of not being able to request a deferred judgment."

As a factual basis for the guilty plea, twenty-two-year-old Keochai admitted "fondling" the penis of his ten-year-old cousin.

At the sentencing hearing, the prosecutor recommended Keochai serve a prison term. Keochai requested a suspended sentence and probation instead of incarceration. He emphasized his employment, family support, lack of criminal history, and low risk of reoffending according to a psychosexual assessment.

The sentencing judge agonized over the decision whether to send Keochai to prison. The judge told Keochai he had given "a great deal of thought" to the appropriate sentence and credited defense counsel's "excellent" argument for probation, describing the recommendation as "a serious one that weighs heavily on me." But the sentencing court identified two facts that most stood out—"the familial relationship between you and the victim and the age of the victim." The court decided Keochai's abuse of that relationship "call[ed] for incarceration" and did not call "for suspension of the sentence."

At issue on appeal is this passage from the court's pronouncement:

> I understand that I have discretion to suspend this sentence and to take either of the options that [defense counsel] has advocated for, either street probation or probation starting out in the residential facility, but I do not think that those other options that [defense counsel] is advocating for are an adequate response to what it is that you've been specifically charged with and admitted to here. And so, yes, those are options; yes, that's a good argument. In my view, it's probably the best argument that could be made for the situation. It's an argument that I kind of saw coming and that I have given—given a lot of thought to. But it is—but ultimately I think incarceration in this instance is required.

Keochai appeals his sentence.

## II. Scope and Standard of Review

We will not disturb a sentence on appeal unless the defendant shows an abuse of discretion or a defect in the sentencing procedure. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Our scope of review for defects in a sentencing

procedure is for correction of legal error. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). We find an abuse of discretion when the sentencing court "exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *Id.* at 225. The court "must exercise its discretion in determining what sentence to impose" when the sentence is not mandatory. *Id.*

"Failure to exercise that discretion calls for a vacation of the sentence and a remand for resentencing." *State v. Ayers*, 590 N.W.2d 25, 27 (Iowa 1999). While a court need not give specific reasons for rejecting a particular sentencing option, the record must reveal the sentencing court in fact exercised discretion with regard to the options available. *Thomas*, 547 N.W.2d at 225. A remand for resentencing is required where a court fails to exercise discretion because it believes it has no discretion. *State v. Lee*, 561 N.W.2d 353, 354 (Iowa 1997) (citing *State v. Washington*, 356 N.W.2d 192, 197 (Iowa 1984)).

## III. Discussion

Keochai contends he is entitled resentencing because the district court "viewed its sentencing options as limited to incarceration or suspending the sentence" when it had the "full panoply" of available sentencing options under Iowa Code section 907.3. By not considering the full range of possibilities, according to Keochai, the sentencing court misapplied the law and abused its discretion.

Iowa Code section 907.3 provides, "[T]he trial court may, upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction

may be rendered, exercise any of the options contained in this section,"[1] which include deferring judgment, deferring sentence, or suspending the sentence.[2] Keochai concedes the district court considered suspending the sentence but faults it for not mentioning the possibility of granting either a deferred judgment or deferred sentence.

The State responds in two ways. First, the State asserts the district court did not have discretion to order a deferred judgment or a deferred sentence because Keochai did not consent to either option. Second, the State contends Keochai was not eligible for a deferred judgment.

---

[1] As Keochai notes, the sentencing options in section 907.3 do not apply to forcible felonies or convictions of persons who are mandatory reporters of child abuse, but neither situation exists here.

[2] In *State v. Thomas*, our supreme court explained sentencing courts generally have three options short of incarceration: defer judgment, defer sentence, or suspend sentence.

> [(1)] When judgment is deferred, the defendant is placed on probation without entry of a judgment. [Iowa Code] §§ 907.1(1), 907.3(1). If the probation is successfully completed, the defendant is discharged and no judgment is entered. *Id.* § 907.3(1). If probation fails, the judgment is entered and the court is permitted to impose any authorized sentence. *Id.* This option allows a defendant to avoid a record of a conviction. [(2)] When the sentence is deferred, a defendant is placed on probation at or after pronouncement of judgment, but without any sentence imposed. *Id.* §§ 907.1(2), 907.3(2). The court enters an adjudication of guilt, but the sentence is deferred to a later time. *Id.* § 907.1(2). This delay allows the court to consider sentencing in the future after the court has had an opportunity to view a defendant's conduct on probation. The court retains the power to impose "any sentence it originally could have imposed." *Id.* [(3)] Finally, when a sentence is suspended, a defendant is placed on probation following the pronouncement of the sentence. *Id.* §§ 907.1(3), 907.3(3). The sentence is imposed, but execution of the sentence is suspended. *Id.* § 907.1(3). This option allows a defendant to avoid a known sentence of incarceration or other punishment based on successful completion of probation.

659 N.W.2d 217, 221 (Iowa 2003); *see also* Iowa Code § 907.1(2) ("'Deferred sentence' means a sentencing option whereby the court enters an adjudication of guilt but does not impose a sentence. The court retains the power to sentence the defendant to any sentence it originally could have imposed subject to the defendant's compliance with conditions set by the court as a requirement of the deferred sentence.").

We agree Keochai did not qualify for a deferred judgment.[3]  A court may not defer judgment when "[t]he offense is a violation of section 709.8 and the child is twelve years of age or under."  Iowa Code § 907.3(1)(a)(14).  Keochai was convicted of violating section 709.8, and his victim was a ten-year-old child.  The plea agreement also prohibited Keochai from requesting a deferred judgment—perhaps in recognition of the section 907.3(1)(a)(14) restriction.  Accordingly, the district court did not have discretion to defer judgment.

But the court *did have* discretion to defer sentence.  We are not convinced by the State's argument that a deferred sentence was unavailable because Keochai did not request that option.  True, section 907.3(2)(a) allows for a deferred sentence "with the consent of the defendant."  Yet Keochai's failure to request a deferred sentence does not preclude his giving consent if the option were offered by the district court.  *See State v. Newell*, No. 14-1186, 2015 WL 4468856, at *2 (Iowa Ct. App. July 22, 2015) ("[I]t is, in theory, possible for a sentencing court to offer . . . [a] deferred sentence, receive consent from the defendant, and then order the sentence without the defendant having first requested the sentence specifically.").

So the remaining question is—did the district court overlook its authority to grant a deferred sentence?  Keochai isolates this statement by the district court: "I understand that I have discretion to suspend this sentence and to take either of the options that [defense counsel] advocated for, either street probation or starting out in the residential facility . . . ."  Keochai asserts by laying out those options, the

---

[3] Keochai concedes in his reply brief he "may not have been eligible" for a deferred judgment.

court mistakenly excluded the possibility of deferring sentence. *See id.* (remanding for resentencing when district court stated: "The Court doesn't have a lot of sentencing options here. They are prison or probation.").

We disagree with Keochai's interpretation. The district court discussed the sentencing options it believed worthy of consideration but did not portray any misperception that those were the *only* options statutorily available. *See State v. Beek*, No. 16-1837, 2017 WL 6033732, at *3 (Iowa Ct. App. Dec. 6, 2017) (finding no abuse of discretion where district court mentioned only incarceration versus a suspended sentence). The district court weighed the need to incarcerate Keochai against the efficacy of probation, which would be inherent in both a suspended sentence and a deferred sentence. Although the court explicitly mentioned only the option of suspending sentencing not deferred sentencing, it thoroughly explained why probation was not an adequate response to the broken familial trust between the Keochai and the ten-year-old victim. The court did not have to explain why it rejected each less restrictive sentencing option. *See Thomas*, 547 N.W.2d at 225. Therefore, we find no failure to exercise discretion and affirm the judgment and sentence.

**AFFIRMED.**