# IN THE COURT OF APPEALS OF IOWA

No. 21-1753
August 3, 2022

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR WOODBURY COUNTY,**
        Defendant-Appellee.
_____

        Certiorari to the Iowa District Court for Woodbury County, Jeffrey A. Neary,

Judge.


        On certiorari, the State challenges the legality of a criminal sentence.  **WRIT**

**SUSTAINED, SENTENCE VACATED, AND CASE REMANDED.**



        Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney

General, for appellant.

        Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant

Appellate Defender, for appellee.


        Considered by Bower, C.J., and Vaitheswaran and Tabor, JJ.

**BOWER, Chief Judge.**

In this original certiorari proceeding, we test the legality of a sentence imposed by the district court on a class "D" felony conviction, which included a fine only and no term of probation or imprisonment. On our review, we find the sentence imposed was illegal. We therefore sustain the writ of certiorari, vacate the sentence imposed, and remand for resentencing.

**I.     Background Facts and Proceedings**

A defendant pled guilty to possession of methamphetamine, third or subsequent offense, a class "D" felony. *See* Iowa Code § 124.401(5) (2021). At sentencing, the State recommended the imposition of a suspended prison sentence and five years of probation, while the defendant requested the imposition of a fine only. In response, the court noted its belief that it "has the ability to enter a fine and not require . . . probation." The State replied the imposition of a fine only on the felony offense would be illegal. The court disagreed and stated on the record that the sentence imposed would be limited to a minimum fine and a surcharge, without imprisonment or probation. However, the court's written sentencing order imposed a suspended term of imprisonment not to exceed five years, with no probation.

The State filed a motion to correct an illegal sentence, arguing Iowa Code section 907.3(3) requires the suspension of a prison sentence to be accompanied by placement on probation. The defendant resisted, arguing the sentence imposed was within the court's discretion. The court denied the State's motion, reasoning the sentence imposed, "a fine without probation," is authorized by section 901.5(2) and (3).

The State filed a petition for writ of certiorari with the supreme court, arguing a term of imprisonment was mandatory and suspension thereof must be accompanied by placement on probation. The supreme court granted the petition, issued a writ of certiorari, and transferred the matter to this court for resolution.

## II.      Standard of Review

"Certiorari is an action at law; therefore, our review is at law." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). Here, we examine only the legality of the district court's action. *See Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010). "Illegality exists when . . . the court has not properly applied the law." *State Pub. Def. v. Iowa Dist. Ct.*, 744 N.W.2d 321, 321 (Iowa 2008) (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 731 N.W.2d 680, 683 (Iowa 2007)).

## III.     Analysis

Because there is a discrepancy between the oral pronouncement of sentence and the written judgment, we apply the rule that the oral pronouncement of sentence controls. *See State v. Hess*, 533 N.W.2d 525, 528 (Iowa 1995). Here, the oral pronouncement of sentence included a fine only, with no term of imprisonment or probation. In denying the State's motion to correct an illegal sentence, the court reasoned the imposition of a fine only, without a term of confinement or probation, is authorized by section 901.5. But, as the State notes, "[s]ection 901.5 is only a general or summary statute providing a procedure or framework for pronouncing judgment and sentence. It does not allow the court to override or substitute a fine for the confinement specifically required when sections 902.9[ ] and 907.3 are read together." *State v. Peterson*, 327 N.W.2d 735, 736 (Iowa 1982). Like the version of the code applicable in *Peterson*, section 901.5

still directs the court to consider several sentencing options and "determine which of them is authorized by law for the offense." *Compare* Iowa Code § 901.5 (2021), *with id.* § 901.5 (1979). "That authority is determined in conjunction with the specific penalty prescribed for the offense." *Peterson*, 327 N.W.2d at 737. The specific penalty for class "D" felonies is prescribed by Iowa Code section 902.9(1)(e), which states a non-habitual-offender felon of that classification "*shall be confined* for no more than five years, and in addition *shall* be sentenced to a fine of at least one thousand twenty-five dollars but not more than ten thousand two hundred forty-five dollars." (Emphasis added.) As a result, we agree with the State that the court's decision as stated at the sentencing hearing to impose only a fine was an illegal sentence, as the imposition of a term of confinement was mandatory, at least to the extent that the court did not choose to exercise one of the "three general sentencing options short of incarceration." *See State v. Thomas*, 659 N.W.2d 217, 221 (Iowa 2003).

That brings us to the defendant's position on the sentence imposed. The defendant argues *Peterson* does not apply because that case involved a forcible felony, which rendered the options for a deferred judgment, deferred sentence, or suspended sentence unavailable under Iowa Code chapter 907. *See* 327 N.W.2d at 736; *see also* Iowa Code § 907.3 (noting the options to defer judgment, defer sentence, or suspend sentence do "not apply to a forcible felony" or certain violations of chapter 709). Upon that premise, the defendant argues that "in a situation where the class 'D' felony is not a forcible felony and a deferred or suspended sentence is an option, it can also be argued that a fine-only sentence is legal."

It is true that "[o]ur sentencing laws and procedures recognize three general sentencing options short of incarceration." *Thomas*, 659 N.W.2d at 221. Assuming the defendant is eligible for a deferred judgment, deferred sentence, or suspended sentence, and a "fine only" sentence is the desired outcome, the district court did not exercise any of those options to get to that result. Also, the entry of a deferred judgment requires the defendant's consent and assessment of a civil penalty under section 907.14 in order to be legal, neither of which are present here. Iowa Code § 907.3(1)(a). That option also contemplates the imposition of conditions of probation set by the court as a requirement of the deferred judgment. *See Thomas*, 659 N.W.2d at 221; *see also* Iowa Code §§ 907.1(1), .3(1)(a). No such conditions were imposed here. A deferred sentence requires the defendant's consent, assignment of the defendant to the judicial district department of correctional services, and compliance with conditions set by the court as a requirement of the deferred sentence. *See Thomas*, 659 N.W.2d at 221; *see also* Iowa Code §§ 907.1(2), .3(2). None of those requirements are satisfied either. And a suspended sentence for this crime must be accompanied by probation, which was not imposed here. *See Thomas*, 659 N.W.2d at 221; *see also* Iowa Code §§ 124.401(5), 907.1(3), .3(3).

The sentence imposed by the district court including only a fine was not legal. We therefore sustain the writ of certiorari, vacate the sentence imposed, and remand for resentencing before a different judge. *See State v. Iowa Dist. Ct.*, 730 N.W.2d 677, 681 (Iowa 2007).

**WRIT SUSTAINED, SENTENCE VACATED, AND CASE REMANDED.**