# IN THE COURT OF APPEALS OF IOWA

No. 22-0718
Filed August 30, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**NICHOLAS JAY ERTL,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon, District Associate Judge.

Nicholas Ertl appeals the sentence imposed. **APPEAL DISMISSED.**

Agnes Warutere, Ankeny, for appellant.

Brenna Bird, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Tabor and Greer, JJ.

**BOWER, Chief Judge.**

Nicholas Ertl appeals the sentence imposed following a guilty plea to possession of marijuana, second offense. Because our decision would have no practical effect upon Ertl's sentence, we dismiss his appeal as moot.

In November 2021, the district court revoked Ertl's probation and imposed previously suspended sentences for five other offenses. The sentences were ordered to be served consecutively, for a total of twenty-one years in prison. The record provides no evidence Ertl contested the probation revocation or the previously suspended sentences.

On March 22, 2022, in conformity with a plea agreement, Ertl pleaded guilty to possession of marijuana, second offense, in violation of Iowa Code section 124.401(5) (2021). Ertl filed a "Statement of Plea Agreement," which he, his attorney, and the county attorney signed. It included this provision:

X PRISON TERM 2 years    SUSPENDED (Y OR N) N
PROBATION TO _____ FOR ___ YEARS
CONSECUTIVE TO _____
CONCURRENT TO All matters currently incarcerated

The document offered an option for his fine to be suspended or imposed; "suspended" was selected.

At the same time, Ertl filed a document entitled "Plea of Guilty and Waivers of Trial Rights, Right to be Present at Sentencing, Time for Sentencing and Motion in Arrest of Judgment," which was signed only by Ertl and his attorney. The following statements are included in this document:

3

6. **Plea Agreement:** My attorney has engaged in plea bargaining discussions with the prosecutor regarding the disposition of this case. The terms of the agreement reached are as follows: *See SDPA -*

*2 years, suspended, concurrent to All other sentences*
*$655 + 15% surcharge, also suspended.*
*State to Dismiss FPCR 363306*

I understand that the recommendations of the prosecuting attorney are not binding on the Court. I also understand that the Court need not accept my plea unless it is satisfied that I am guilty and that I have sufficient knowledge of my rights.

By the terms of this document, Ertl waived his right to be present at sentencing. Part of the waiver states, "I ask the court to proceed to enter judgment and sentence me without a verbatim record in open court pursuant to the joint sentencing recommendation set forth in the written guilty plea." The document also included the following waivers regarding a motion in arrest of judgment:

> 3. I have also been informed that, pursuant to Iowa Rule of Criminal Procedure 2.24(3), I have the right to file a motion in arrest of judgment which is an application that no judgment be rendered on a finding, plea or verdict or guilty; that the effect of an order arresting judgment on the ground the guilty plea proceeding was defective is to place the defendant in the same situation in which he or she was immediately after the indictment was found or the trial information filed; that the motion must be made not later than forty-five days after the plea of guilty, but in any case not less than five days before the date set for pronouncing judgment.
> 4. I understand that, by waiving the time for sentencing, I am effectively waiving my right to file a motion in arrest of judgment due to the fact that there will not be a five day period prior to the pronouncement of judgment.
> 5. After being advised of the above, it is still my wish to waive the time that I may be allowed for sentencing, and therefore I hereby waive my right to file a motion in arrest of judgment.

An addendum notes the limitation to Ertl's right to appeal:

> I understand that by pleading guilty, I may have no right to appeal my guilty plea. I understand that if I wish to appeal and can show good cause and/or a defect in the plea proceeding, or that the Court

improperly denied my motion in arrest of judgment, I may file a written Application for Permission to Appeal . . . .

The court sentenced Ertl on the possession-of-marijuana charge to two years in prison, running concurrently to all other sentences. The court suspended the fine imposed.

Ertl appeals, asserting the court should have set the matter for an in-person sentencing hearing because of the conflicting sentences listed in the two documents.[1] He requests a new sentencing hearing

> that contemplates the agreement outlined in the plea of guilty or at the very least determines whether or not Ertl's plea was knowing and voluntary and whether a motion in arrest of judgment would be appropriate given that his counsel filed a memorandum of plea agreement that was materially inconsistent with the plea of guilty.[2]

The State asserts Ertl's appeal is moot for two reasons. First, the State claims records show Ertl has discharged his sentence because his tentative discharge date has passed absent him losing days of earned time for

---

[1] Ertl acknowledges on appeal that the Statement of Plea Agreement indicates his prison sentence was *not* to be suspended and his "Plea of Guilty" references the "SOPA" and then indicates sentence "suspended, concurrent to all other sentences." Neither document indicates the plea is conditioned upon concurrence of the court in sentencing.

[2] Ertl's alternative request for a hearing on whether his plea was knowing and voluntary is something we cannot provide. Ertl waived his right to a motion in arrest of judgment and has not established good cause to appeal his guilty plea as a matter of right. Without good cause, we do not have the authority to vacate a conviction from a guilty plea—at most, we can vacate his sentence and remand for resentencing by a different judge in accordance with the plea agreement. *See State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021) (holding good cause did not exist to appeal whether plea was knowingly and intelligently made when defendant waived his right to file a motion in arrest of judgment); *see also* Iowa Code § 814.6 (only granting a right of appeal in cases with guilty pleas "where the defendant establishes good cause"); *State v. Patten*, 981 N.W.2d 126, 133–34 (Iowa 2022) (remanding for resentencing after prosecutor breached plea agreement at sentencing).

misbehavior.[3]  Ertl's tentative discharge date for this conviction was February 24, 2023.  However, it is unclear from the record before us whether this sentence was actually discharged on the calculated date to render this case moot.  *See, e.g.*, *Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 n.1 (Iowa 2010).  Therefore, we do not address this argument.

The State also claims because Ertl was incarcerated following probation revocation on a longer sentence, which is no longer subject to attack, probation would serve no practical purpose in this case.  This argument has merit.

Ertl argues the district court could impose a suspended sentence if we order resentencing on his plea of guilty to drug possession.  Our supreme court has stated a defendant establishes good cause to appeal from a guilty plea "by asserting a claim on appeal for which an appellate court potentially could provide relief."  *State v. Newman*, 970 N.W.2d 866, 869 (Iowa 2022).  Under Iowa Code section 907.3(3), a court suspending sentence must "place the defendant on probation upon such terms and conditions as it may require."  *See State v. Thomas*, 659 N.W.2d 217, 221 (Iowa 2003) ("Under the general sentencing statute, a defendant is required to be placed on probation following a deferred judgment or suspended sentence and, in a like manner, is required to be assigned to the judicial district department of correctional services following a deferred sentence.").  The Iowa Code defines probation as "the procedure under which a

---

[3] "Normally on appeal we cannot consider matters outside the trial court record. There is an exception to this general rule for mootness issues. 'Matters that are technically outside the record may be submitted in order to establish or counter a claim of mootness.'" *Clarke Cnty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 170 n.3 (Iowa 2015) (citation omitted).

defendant . . . is released by the court subject to supervision by a resident of this state or by the judicial district department of correctional services."  Iowa Code § 907.1(5).

At the time of Ertl's sentencing, the district court had just revoked his probation and ordered him to serve the previously suspended consecutive sentences totaling an indeterminate period of incarceration of twenty-one years. Given Ertl's pre-existing prison sentence, which extends long past the sentence imposed here, remanding for resentencing for a suspended sentence and probation would grant Ertl no relief.  Thus, he has not established the requirements to meet the good-cause prong to appeal his sentence.  We find the appeal is moot.

**APPEAL DISMISSED.**